```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------     X
                                                               :
J&J SPORTS PRODUCTIONS, INC.,                                  :
                                                               :
                                      Plaintiff,               :    **ORDER**
                                                               :
            -against-                                          :    07 cv 4168 (BMC)
                                                               :
NAVY YARD LOUNGE, INC., and STEVEN                             :
FRANKEL,                                                       :
                                                               :
                                      Defendants.              :
                                                               :
----------------------------------------------------------     X
```

**COGAN**, District Judge.

Having reviewed the parties' motions for summary judgment, the Court notes the following deficiencies and makes the following interim rulings in connection with these motions:

I. Plaintiff's Motion

Paragraphs 9, 10, and 12-14 of the Hooten affirmation, and the "Wherefore" clause, are stricken as those portions violate Fed.R.Civ.P. 56, several provisions of the Federal Rules of Evidence, and the individual practice rules of this Court on the use of affidavits in motion practice.

Plaintiff's Rule 56.1 statement is stricken because the rule expressly provides that each alleged statement of undisputed fact must cite to that portion of the record on summary judgment which supports it. Plaintiff may file an Amended Rule 56.1 Statement no later than February 28, 2008, in the absence of which the motion will be denied.

Paragraph 9 of the Gagliardi affidavit constitutes a waiver of attorney-client privilege with respect to all conversations between Gagliardi and his attorney concerning the subject matter of that paragraph. If the motion is denied, defendant's counsel will be permitted to inquire into those conversations.

Paragraphs 10, 12-14, 16-17 and the "Wherefore" clause of the Gagliardi affidavit are stricken as those portions violate Fed.R.Civ.P. 56, several provisions of the Federal Rules of Evidence, and the individual practice rules of this Court on the use of affidavits in motion practice.

II. Defendant's Motion

Defendant's motion is denied without prejudice as no leave to move for summary judgment, as required by this Court's individual practice rules, was requested or obtained. In addition, defendant failed to submit a statement of undisputed facts under Local Rule 56.1 so the motion is denied on that ground as well. The Court will consider the papers submitted as opposition to plaintiff's motion to the extent they are not stricken below.

Paragraphs 9-26 and the "Wherefore" clause of the Williams affirmation and the "Wherefore" clause of the Frankel affidavit are stricken as they violate Fed.R.Civ.P. 56, several provisions of the Federal Rules of Evidence, and the individual practice rules of this Court on the use of affidavits in motion practice.

If plaintiff files a proper Rule 56.1 statement as required above so as to prevent denial of its motion, defendant will file its responsive statement by March 3, 2008.

III. Sanctions

The Court is concerned not only with the disregard of its individual practice rules on these motions, but also other acts of non-compliance that are surprisingly numerous in a case this recently filed. These acts consist of: (1) plaintiff sending an "of counsel" attorney to cover the initial status conference who appeared at least 20 minutes late; (2) defendant sending an "of counsel" attorney to the initial status conference who had no knowledge of the case, despite this Court's individual practice rule requiring that only principal trial counsel may attend conferences; and (3) plaintiff's failure to appear at a motion hearing duly scheduled by the Court. Although there are sufficient grounds at this point for the Court to impose sanctions on both sides, it will defer a sanction order, but both parties are cautioned that any further failure to comply with this Court's Orders and individual practice rules going forward will likely lead to the imposition of substantial sanctions.

**SO ORDERED.**

                electronically signed/Brian M. Cogan
                        U.S.D.J.

Dated: Brooklyn, New York
    February 23, 2008